IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,587






EX PARTE STEPHEN PAUL BORDAGES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-07-05428-CR(2) IN THE 359TH JUDICIAL DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and indecency with a child (exposure) and sentenced to seven years' imprisonment for
burglary and two years' imprisonment for indecency. 

 Applicant contends that he was denied the right to a direct appeal because his counsel filed
a notice of appeal two days past the deadline and the Montgomery County District Clerk did not
forward the notice of appeal to the court of appeals in a timely manner so that counsel could have
filed a motion for extension of time.

 The trial court has determined that trial counsel failed to timely file a notice of appeal. We
find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 04-07-05428-CR from the 359th Judicial District Court of
Montgomery County. Applicant is ordered returned to that time at which he may give a written
notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time
limits shall be calculated as if the sentence had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take
affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate
of this Court issues.


Delivered: January 10, 2007

Do Not Publish